UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| GERARDO CASTILLO-CHAVEZ § <br> § <br> Petitioner § <br> VS. § <br> § <br> UNITED STATES OF AMERICA § | § <br> § CIVIL ACTION NO. 5:15-CV-209 <br> § Criminal Case No. 5:08-cr-244-24 <br> § |

**OPINION AND ORDER**

Pending before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody[1] filed by Gerardo Castillo Chavez ("Defendant" or "Castillo"). After considering the motion and applicable law, the motion is DISMISSED.

I.  Procedural History and Relevant Facts

In 2006, the Gulf Cartel drug trafficking organization, through its enforcement arm, the "Zetas," engaged in a series of murders, or attempted murders in the Laredo, Texas area. The Zetas, through its "sicarios" (hired killers) successfully targeted rivals of the Gulf Cartel killing and or wounding several individuals in or around the Laredo area. Castillo, identified as "Cachetes" but also at some point referenced as "Armando Garcia" was alleged to be one of the Zetas' sicarios. Castillo was charged with various interrelated counts. He initially proceeded to trial in January 2010 but because the jury was unable to reach a verdict as to most counts, he was retried in January 2012. Castillo was convicted on all counts submitted to the jury and subsequently sentenced to a total term of life imprisonment.

Castillo appealed his conviction and sentence to the Fifth Circuit Court of Appeals, which affirmed this Court's judgment. Although Castillo sought a writ of certiorari, same was denied. Castillo now seeks collateral review.

II.  Discussion

Under Title 28, United States Code, Section 2255 a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."[2] Upon the filing of such a petition, the sentencing court must order a hearing to

---

[1] Dkt. No. 1. "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite hereafter to the docket number entries in Criminal Case No. 5:08-cr-244-24, rather than in this civil case.
[2] 28 U.S.C. § 2255.

determine the issues and findings of fact "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."[3]

However, the Supreme Court has emphasized repeatedly that a "collateral challenge may not do service for an appeal."[4] A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude.[5] Additionally, a defendant may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error.[6]

Generally, a claim of ineffective assistance of counsel cannot be brought by direct appeal. Thus, it is proper grounds for a § 2255 claim. However, the inquiry does not end there. To obtain post-conviction relief due to ineffective assistance of counsel, a defendant must show (1) that counsel's representation fell below an objective standard of reasonable service, and (2) that this deficient performance prejudiced the defense such that the outcome of the trial or criminal proceeding would have been different.[7] A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action was sound trial strategy.[8]

Here, Castillo raises three separate instances of what he contends constitute ineffective assistance of counsel: 1) failure to move for a timely suppression motion of pre-trial and in-court mis-identification testimony; 2) failure to challenge the quantity of drugs considered at sentencing; and 3) failure to properly review the Pre-Sentence Report ("PSR"). The Court considers each in turn.

*Failure to file (timely) suppression motion*

The substance of this complaint is that counsel "failed to move for the suppression of the pre-trial and in-court misidentification of Petitioner as "Armando Garcia" [which] resulted in substantial prejudice to [] Petitioner." To the extent that the claim here is that this Defendant is not "Armando Garcia," the issue is irrelevant, thus no prejudice can be shown. From inception of the case, the person that the Government alleged was responsible for the crimes charged here was identified as "Cachetes," and he was so named in the original indictment.[9] Very early in the case the Government also identified this defendant as Gerardo Castillo Chavez[10] but nonetheless, the Government believed he had at some time used the name "Armando Garcia."[11] However, every co-defendant or witness who identified this Defendant did so either by the moniker "Cachetes" or by sight only. Therefore, counsel was not ineffective for failing to file a motion to suppress the identification of this Defendant as "Armando Castillo" as no witness identified him by that name.

---

[3] *Id*.
[4] *United States v. Frady*, 456 U.S. 152, 165 (1982).
[5] *Hill v. United States*, 368 U.S. 424, 428 (1962).
[6] *Frady*, 456 U.S. at 168.
[7] *Strickland v. Washington,* 466 U.S. 668, 687-91, 694 (1984).
[8] *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Ricalday v. Procunier*, 736 F.2d 203, 206 (5th Cir. 1984).
[9] See Dkt. No. 463.
[10] See Dkt. No. 481.
[11] See Dkt. No. 698, pp. 33-34 (voir dire transcript); Dkt. No. 699, pp. 29-30.

To the extent that Castillo claims counsel did not move to suppress the identification of Castillo as the person responsible for the crimes charged, Castillo is simply mistaken.  Counsel filed a motion to suppress the identification of Castillo, a hearing was held and the Court denied the motion.[12]  To the extent that Castillo's complaint is that the motion to suppress was not *timely* filed, Castillo is in part correct.  The motion to suppress was not filed until the third day of trial.[13]  However, no prejudice can be shown because the Court conducted a full hearing, albeit during the trial, but outside the presence of the jury.[14]  Castillo has not alleged, much less shown that the outcome of the motion to suppress would have been different had counsel filed it in advance of trial.

As noted, counsel here properly moved to suppress the identification of this Defendant but the motion was denied.  Castillo has failed to show that counsel was ineffective.

### *Quantity of Drugs*

Castillo next claims counsel was ineffective for "not challenging drug quantity used to calculate sentence."  Castillo is again mistaken.  Counsel specifically objected to the amount of cocaine used to calculate the base offense level.[15]  Counsel then argued the objection at the time of sentencing,[16] but the Court overruled the objection.[17]  Furthermore, this issue was raised on direct appeal and decided against Castillo.[18]  Castillo may not now raise an issue that was raised and rejected on direct appeal.[19]

### *Failure to Properly Review PSR*

Castillo's third claim of ineffective assistance of counsel is the failure to properly and thoroughly review the PSR with him.  In this regard, at the time of sentencing the Court failed to establish that counsel and Castillo had read and discussed the PSR, as required by Rule 32 of the Federal Rules of Criminal Procedure.  Assuming then that counsel did not review the PSR, such would constitute deficient performance.  However, Castillo must nonetheless show prejudice.  This Castillo wholly fails to do.[20]

---

[12] Dkt. No. 564, Minute Entry dated January 28, 2010, and Dkt. No. 609 (transcript of hearing).
[13] Dkt. No. 564.
[14] Minute Entry dated January 28, 2010, and Dkt. No. 609 (transcript of hearing).
[15] Dkt. No. 1118, ¶ 35 - 36.
[16] Dkt. No. 1153, pp.29-31.
[17] Id. at p. 34.
[18] Dkt. No. 1222, p. 16-17.
[19] *United States v. Webster*, 392 F.3d 787, 791 (5th Cir.2004).
[20] *See United States v. Navarro–Perez,* 200 F.3d 814 (5th Cir.1999)(affirming denial of § 2255 where defendant failed to show "that any of the PSR's findings supporting the enhancement [were] false or that the leadership-role enhancement was inappropriate"); *United States v. Rodriguez,* 48 F.3d 531 (5th Cir.1995)(affirming denial of § 2255 motion because defendant "failed to make any showing, or even allegation, of prejudice sufficient to satisfy the *Strickland* standard.")

III.   CONCLUSION

It is clear from the face of Castillo's Motion, as well as the record as it currently stands, that Castillo is not entitled to relief under 28 U.S.C. § 2255. Accordingly, Castillo's Motion to Correct, Vacate, or Set Aside Sentence is **DISMISSED**.   Additionally, should Castillo seek a certificate of appealability, such is **DENIED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 29th day of September, 2015.

_____
Micaela Alvarez
United States District Judge