UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| GERARDO CASTILLO CHAVEZ § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. 5:16-CV-173 |
| § | Criminal Case No. 5:08-cr-244-24 |
| UNITED STATES OF AMERICA § | |

## OPINION AND ORDER

Pending before the Court is Gerardo Castillo Chavez's ("Castillo") Motion Under 28 U.A.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] For the reasons discussed below, Castillo's motion is DENIED

I   Factual and Procedural Background

In 2006, the Gulf Cartel drug trafficking organization, through its enforcement arm, the "Zetas," engaged in a series of murders, or attempted murders in the Laredo, Texas area.[2] The Zetas, through its "sicarios" (hired killers) successfully targeted rivals of the Gulf Cartel killing and or wounding several individuals in or around the Laredo, Texas area. Castillo, identified as "Cachetes" but also at some point referenced as "Armando Garcia," was alleged to be one of the Zetas' sicarios. Castillo was charged and convicted of various interrelated counts. He initially proceeded to trial in January 2010 but because the jury was unable to reach a verdict as to most counts, he was retried in January 2012. Castillo was convicted on all counts submitted to the jury and subsequently sentenced to a total term of life imprisonment.

---

[1] Dkt. No. 1288 in Criminal Case No. 5:08-cr-244-24. (Unless otherwise specified, all docket references are to this criminal case.)
[2] The facts set out here are generally gleaned from the second trial of this case held from January 18 - 25, 2012.

Castillo appealed his conviction and sentence to the Fifth Circuit Court of Appeals, which affirmed this Court's judgment.[3] Although Castillo sought a writ of certiorari, same was denied.[4] Castillo then sought collateral review. On September 29, 2015, this Court dismissed with prejudice Castillo's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.[5] On the same day, the Court entered Final Judgment.[6] On October 21, 2015, Castillo filed a motion for reconsideration[7] of the Order dismissing his § 2255 motion. In the motion for reconsideration, Castillo asserted new grounds for relief, thus the Court dismissed it as a second or successive motion. Castillo sought a certificate of appealability both from this Court and the Fifth Circuit Court of Appeals. Both were denied.

On June 23, 2016, Castillo filed a new Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[8] In this motion, Castillo contended that he was entitled to relief pursuant to *Johnson v. United States*,[9] which announced a new rule of constitutional law made retroactive by *Welch v. United States*.[10] The Court determined that this motion was a successive motion and since no order authorizing this Court to proceed had been issued by the Fifth Circuit, this Court dismissed the motion.[11] Castillo did not then seek authorization from the Fifth Circuit. However, more than three years later, on August 6, 2019 Castillo filed with the Fifth Circuit a Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.A.C. § 225

---

[3] Dkt. No. 1222.
[4] Dkt. No. 1234.
[5] Dkt. No. 1253.
[6] Dkt. No. 1254.
[7] Dkt. No. 1259, p. 24.
[8] Dkt. No. 1288.
[9] 135 S. Ct. 2551 (2015).
[10] 136 S. Ct. 1257 (2016).
[11] Dkt. No. 1293.

or § 2255.[12] In the request for authorization, Castillo again urged that *Johnson* announced a new rule "settled in *Demaya* (sic) and *Davis*."[13] On October 15, 2019 the Fifth Circuit issued an Order authorizing this Court to consider Castillo's successive 28 U.S. C. § 2255 motion.[14] However, the Fifth Circuit specifically held that the "grant of authorization is tentative [] in that the district court must dismiss the application without reaching its merits should the court determine that [Castillo] has failed to satisfy the requirements for filing the application."[15] Thus, the Court begins with this jurisdictional issue.

II        Jurisdiction

*Legal standard*

Since this is a successive motion, Castillo's motion is governed by 28 U.S.C. § 2255(h) and § 2244(b). Relevant here, a Circuit Court may authorize a successive motion if a prisoner makes a prima facie showing that his claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[16] Castillo seeks to vacate his conviction for violation of 18 U.S.C. § 924(c)(1)(C) ("Count 34") claiming that Count 34 is invalidated by the Supreme Court's ruling in *United States v. Davis.*[17] *Davis* held that the residual clause of the definition of "crime of violence" found in § 924(c)(3)(B) is unconstitutionally vague.[18] *Davis* announced a new rule of constitutional law and has been held to apply retroactively on a first habeas petition.[19] Thus, Castillo has made a sufficient showing such that the Fifth Circuit has authorized him to proceed before this Court.

---

[12] See Fifth Circuit Case No. 19-40701.
[13] *Id*.
[14] Dkt. No. 1380.
[15] *Id*.
[16] *In re Fields*, 826 F.3d 785, 786 (5th Cir. 2016).
[17] 139 S. Ct. 2319 (2019).
[18] *Id*. at 2336.
[19] *United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019). (Admittedly, neither the Supreme Court nor the Fifth Circuit have held that *Davis* applies retroactively on a successive habeas petition.)

Castillo, however, must now overcome another hurdle. Castillo must now "actually prove at the district court level that the relief he seeks relies [] on a new, retroactive rule of constitutional law . . . Where a prisoner fails to make the requisite showing before the district court, the district court lacks jurisdiction and must dismiss his successive petition without reaching the merits."[20] Here, Castillo has not, and indeed, cannot make that showing.

*The convictions*

Castillo was convicted of conspiracy to possess with intent to distribute a controlled substance (Count One); two counts of interstate travel in aid of racketeering (Counts Twenty-Eight and Thirty-Three) and possession/discharge of a firearm in furtherance of a crime of violence and/or a drug trafficking crime ("Count 34"). This is the conviction Castillo now seeks to vacate. The indictment for Count 34 charges, in relevant part:

COUNT THIRTY-FOUR

(Use of Firearm in Crime of Violence and Drug-Trafficking Crime)

On or about March 31, 2006, in the Southern District of Texas, and within the jurisdiction of the Court, [Castillo] . . . did knowingly and intentionally possess and discharge at least one firearm [] in furtherance of a crime of violence which may be prosecuted in a court of the United States, that is Interstate Travel in Aid of Racketeering as Charged in Count Thirty-Three of the indictment and a drug trafficking crime which may be prosecuted in a court of the United States, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance as charged in Count One of the Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i) and 2.[21]

---

[20] *United States v. Clay*, 921 F.3d 550, 554 (5th Cir. 2019), as revised (Apr. 25, 2019), cert. denied, 140 S. Ct. 866, 205 L. Ed. 2d 506 (2020).
[21] Dkt. No. 883, p. 32-33.

The related Travel Act count charged:

COUNT THIRTY-FOUR

(ITAR – Attempt on Julio Cesar Resendez)

On or about March 31, 2006, in the Southern District of Texas, and within the jurisdiction of the Court, [Castillo] . . . did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and use a facility in interstate and foreign commerce, that is a cellular telephone, with the intent to commit a crime of violence to further an unlawful activity, that is a business enterprise involving controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter intentionally and knowingly attempted to commit and committed a crime of violence to further such unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(2)(B) and 2.[22]

*The Facts*

The testimony at trial revealed that during the relevant time period the Gulf Cartel was a drug trafficking organization operating in and around Nuevo Laredo, Mexico and Laredo, Texas. In an attempt to keep/gain control of the Laredo/Nuevo Laredo drug trafficking corridor the Gulf Cartel, through its enforcement arm, the Zetas, hired sicarios to get rid of any competition. Castillo was identified by two cooperating co-defendants, each a sicario, as one of those sicarios. One of those targeted for assassination was Jesus ("Chuy") Resendez. Two attempts were made before they succeeded in killing him. In the first, on March 18, 2006, the sicarios went to Chuy Resendez' home looking for him. When advised that he was not home, they shot Gerardo Ramos multiple times. Gerardo Ramos survived. This attempted murder was the subject of Count Twenty-Eight. In the second attempt, the sicarios returned to the home again looking for Chuy Resendez. This time, a brother, Julio Cesar Resendez was shot but also survived the attack. Julio Cesar Resendez positively identified Castillo as one of the shooters on that date. This second attempt, on March 31, 2006 is the basis of Counts Thirty-Three and Thirty-Four. Two days later

---

[22] Dkt. No. 883, p. 32-33.

the sicarios located and assassinated the intended victim, Chuy Resendez. As with the first two attempts, the sicarios were indiscriminate in their attack as they also assassinated Mariano Resendez, a nephew to Chuy Resendez. These murders were also charged in the indictment, but Castillo was acquitted of the firearm charge in the first trial and before the second trial, the Court dismissed the related Travel Act count.

Castillo now seeks to vacate Count Thirty-Four claiming that it is necessarily predicated on the residual clause invalidated by *Davis*. In his request for authorization to the Fifth Circuit, Castillo also sought to vacate Counts 28 and 33 but he appears to concede that they are untimely and is not seeking relief as to those here.[23]

*Legal standard applied to convictions and facts*

As already noted, before the Court may consider the merits of Castillo's claim, he must prove by a preponderance of the evidence that his firearm conviction is predicated on 924(c)'s residual clause.[24] In support of his claim, Castillo generally alleges that his firearm conviction was necessarily predicated on the residual clause because "no elements-based crime of violence [was] alleged in Count 33"[25] (Travel Act). According to Castillo, this necessarily meant that the jury relied on a "conduct-based by-it-nature finding to reach a verdict on Count 34."[26] Castillo overlooks both the facts and the law in reaching this conclusion.

First, *Davis* did not disrupt § 924(c)'s provision that makes it a crime to use, carry or possess a firearm in connection with a drug trafficking crime.[27] The record here clearly reflects that for both Count Thirty-Three and Count Thirty-Four, the travel and possession of the firearm was in furtherance of the Gulf Cartel's unlawful activity, that being drug trafficking. "Unlawful

---

[23] See Dkt. No. 22, fn 1.
[24] *United States v. Clay*, 921 F.3d at 559.
[25] Dkt. No. 1427, p. 8.
[26] *Id.*
[27] 18 U.S.C. § 924(c)(1)(A).

activity" is defined, in pertinent part, as "any business enterprise involving . . . narcotics or controlled substances."[28] Drug trafficking would thus constitute an unlawful activity. Castillo was convicted of a drug trafficking conspiracy (Count One). The testimony at trial clearly supported a finding that the attempted murder of Julio Cesar Resendez[29] on March 31, 2006 (Counts Thirty-Three & Thirty-Four) was to further the Gulf Cartel's drug trafficking activities. As noted by the Fifth Circuit, the evidence "would allow a reasonable jury to conclude that Castillo was a sicario for the Zetas who participated in activities that furthered the Gulf Cartel's drug trafficking enterprise."[30] Thus, Castillo has failed to prove by a preponderance of the evidence that his firearm conviction (Count Thirty-Four) premised on the Travel Act conviction (Count Thirty-Three) was necessarily predicted on the residual clause.

Second, the residual clause held constitutionally invalid in *Davis* defines a crime of violence as one "that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[31] *Davis* left undisturbed the section of § 924(c)(3) that defines a crime of violence as one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[32] Although Castillo is correct that no specific statutory reference was identified in Count Thirty-Three or Count Thirty-Four, the indictment clearly referenced the attempted murder of Julio Cesar Resendez on March 31, 2006. Albeit he was the wrong target, the evidence supported the jury's finding that Castillo, along with other sicarios, intended to kill Chuy Resendez when they shot Julio Cesar Resendez. While the murder of Chuy Resendez was not

---

[28] 18 U.S.C. § 1952(b)(i).
[29] Although the actual intended target was Chuy Resendez, the evidence at trial supported a finding that the sicarios intended to shoot and kill when they shot at Julio Cesar Resendez.
[30] *United States v. Castillo*, 555 Fed. Appx. 389, 399 (5th Cir. 2014).
[31] 139 S. Ct. at 2323.
[32] 18 U.S.C. § 924(c)(3)(A).

submitted to the jury (directly or by a Travel Act or firearm charge[33]), for Counts Thirty-Three and Thirty-Four, the evidence at trial focused on this attempted murder. The murder of Chuy Resendez was not disputed at trial. Castillo only disputed his involvement in the three separate attempts. Despite Castillo's arguments that the jury must have relied on the residual clause, the only evidence at trial of any crime of violence for these two counts was of attempted murder.

The Fifth Circuit has held that attempted murder under the federal statute qualifies as a crime of violence under the elements clause of § 924(c)(3).[34] Similarly, the Fifth Circuit has held Texas murder qualifies as a violent felony pursuant to 18 U.S.C. § 924(e)(1)(2)(B) which defines violent felony as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another."[35] The only distinction between the definition of "violent felony" in § 924(e)(1)(2)(B) and "crime of violence" in § 924(c)(3)(A) is the inclusion in the latter of "or property." Thus, this Court determines that Texas murder qualifies as a crime of violence pursuant to the elements clause of 18 U.S.C. § 924(c)(3)(A).

For the same reasons, murder would qualify as a crime of violence for purposes of § 1952(a)(2). The term "crime of violence" is not defined in § 1952(a)(2) but rather is defined by cross-reference to §16.[36] Section 16 defines "crime of violence" in the same manner as § 924(c)(3)(A) as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[37]

---

[33] Castillo was acquitted of a firearm charge based on the murder of Chuy Resendez in the first trial, and the Court thereafter dismissed a Travel Act charge based on that murder.
[34] *United States v. Smith*, 957 F.3d 590, 594 (5th Cir. 2020).
[35] *United States v. Vickers*, 967 F.3d 480, 487 (5th Cir. 2020).
[36] *United States v. Watts*, 2020 WL 6703180, at 2 (5th Cir. Nov. 13, 2020) ("For purposes of § 1952(a)(2) offenses, the term "crime of violence" is defined in § 16, which includes an elements clause, § 16(a), and a residual clause, § 16(b).(Internal citation omitted.)
[37] Section 16 also includes a residual clause which was held unconstitutional by *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

As the Fifth Circuit noted in its opinion affirming the conviction and sentence in this case, "Castillo does not dispute that the crimes of violence—the attempted murder of . . . Julio Resendez—were committed in furtherance of the Gulf Cartel's drug trafficking enterprise . . ."[38] Castillo did not dispute that attempted murder was the crime of violence alleged as to Counts Thirty-Three and Thirty-Four then, and he has now failed to prove by a preponderance of the evidence that those convictions relied on the residual clause.

### III     Conclusion

Thus, it is clear that Castillo cannot prove that his convictions rely on the residual clause invalidated by *Davis*. For the foregoing reasons, the Court finds that Castillo has failed to meet his burden to prove, by a preponderance of the evidence that the relief he seeks (vacating his convictions) relies on a new, retroactive rule of constitutional law as pronounced in *Davis*. The Court therefore GRANTS the United States Motion to Dismiss and hereby **DISMISSES** Gerardo Castillo Chavez' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Court additionally **DENIES** a Certificate of Appealability.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 25th day of February, 2021.

                                                  Micaela Alvarez
                                                  United States District Judge

---

[38] *United States v. Castillo*, 555 Fed. Appx. at 400.